**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>SALEH ABDILLAH SALEH,<br><br>Defendant. | 24-CR-70 (RMB)<br><br>**DECISION & ORDER** |

### I. Background

On February 6, 2024, Defendant Saleh Abdillah Saleh ("Saleh") pled guilty, pursuant to a plea agreement dated December 1, 2023, to "distributing and possessing with intent to distribute . . . a detectable amount of ketamine." (Plea Agreement, dated Dec. 1, 2023, at 1; *see* Plea Hr'g Tr., dated Feb. 6, 2024, at 11 (ECF No. 14).) At the time Saleh was arrested, the police also recovered "a loaded firearm" (Sent. Tr., dated May 22, 2024, at 6:19), which was found in a "suitcase" that contained the firearm along with "approximately 15 bags" of ketamine. PSR, dated Apr. 16, 2024 ("PSR"), at ¶ 12. Because Saleh "possessed a firearm," he received a two-level increase in his offense level pursuant to U.S.S.G. § 2D1.1(b)(1). *See* PSR at ¶ 5.

Saleh's Sentencing Guidelines range was 30 to 37 months' incarceration, based upon an Offense Level of 19 and a Criminal History Category of I. (*See* Sent. Tr., dated May 22, 2024, at 3 (ECF No. 25); PSR, dated Apr. 26, 2024 ("PSR), at ¶ 5.) On May 22, 2024, this Court sentenced Saleh to 37 months of incarceration followed by 3 years of supervised release. (*See* Judgement, dated May 22, 2024, at 2–3 (ECF No. 24).)

On or about October 9, 2024, Saleh moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (*See*

Def.'s Mot., dated Oct. 9, 2024, at 1 (ECF No. 28).) Saleh contends that he "is eligible for a two level offense reduction" because he has "no criminal history points" and he has met the additional "requirements . . . to qualify for a two-level reduction," including "no sexual offenses." (*Id.* at 3.)

The Government and the U.S. Probation Office both **oppose** Saleh's motion for a sentence reduction. (*See* Gov't Letter, dated Oct. 30, 2024, at 1 (ECF No. 34); Supplemental Presentence Investigation Report, dated October 24, 2024 ("Supplemental PSR"), at 3 (ECF No. 30).) The Government contends that because Saleh "possessed a firearm in connection with the offense, which, under § 4C1.1(a)(7), precludes his eligibility." (Gov't Letter, dated Oct. 30, 2024, at 1.) The Probation Department and the Government agree, stating that Saleh is precluded from a sentence reduction because, by "possess[ing] . . . a firearm . . . in connection with the offense," he fails to "meet all of the [required] criteria" under § 4C1.1(a). (Supplemental PSR at 2–3.)

## II. Legal Standard

Amendment 821 was enacted on November 1, 2023 and was made retroactive by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.10(d). Amendment 821 provides for resentencing and a two-level decrease in the Offense Level where a defendant (1) "did not receive any criminal history points" at sentencing, and (2) satisfies nine criteria listed in § 4C1.1(a) including, among other things, the criteria that the" defendant did not possess, receive, purchase, transport, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7).

## III. Analysis

Saleh does not qualify for relief under Amendment 821 for two reasons. First, Saleh is not entitled to a sentence reduction because he was sentenced on May 22, 2024, i.e., nearly six months *after* Amendment 821 took effect. (*See* Judgement, dated May 22, 2024, at 2–3 (ECF No. 24); PSR, dated Apr. 26, 2024, at ¶ 21 ("The November 1, 2023 Guidelines Manual, incorporating all

guideline amendments, was used to determine the defendant's offense level.").) In other words, Saleh's Guidelines Range calculated at the time of sentencing took into consideration the Amendment 821 changes. *See* 18 U.S.C. § 3582(c)(2).

Second, even if Saleh had been sentenced prior to the effective date of Amendment 821, he would have been ineligible for a sentence reduction because he "possess[ed] . . . a firearm . . . in connection with the offense." U.S.S.G. § 4C1.1(a)(7). As noted above, Saleh received an adjustment to his offense level because he "possessed a firearm." PSR at ¶¶ 5, 23; *see United States v. Almonte*, 2024 WL 3521928 (S.D.N.Y. July 23, 2024) (The defendant, who pleaded guilty to narcotics conspiracy, was "not eligible for a sentence reduction pursuant to Amendment 821" because he "possessed firearms in connection with the narcotics conspiracy to which he pleaded guilty and received an adjustment to his offense level for that possession."); *see also* U.S.S.G. § 4C1.1(a).

### IV.   Conclusion & Order

For the reasons stated above and based upon the record herein, Saleh's motion for a sentence reduction (ECF No. 28) is respectfully denied.

Date: November 4, 2024
New York, New York

*RMB*
**RICHARD M. BERMAN, U.S.D.J.**

3